

Jackson Lewis P.C.
677 Broadway
Albany, New York 12207
Tel 518 512-8700
Fax 518 242-7730
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (518) 512-8703
MY EMAIL ADDRESS IS WILLIAM.ANTHONY@JACKSONLEWIS.COM

July 31, 2017

<u>VIA ECF</u>

Hon. Michael A. Telesca
United States District Judge
Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

        Re: Lusk v. Serve U Brands, Inc., et al.
           Civil Action No. 17-6451

Dear Judge Telesca:

  We represent Defendants Serve U Brands, Inc. and Insomnia Cookies, LLC (together "Defendants" or the "Company") as reflected in our Notices of Appearance filed on July 27, 2017 (DKT 10-12). We file this letter to request a conference with Your Honor to discuss a 30 day extension of time for Defendants to respond to: Plaintiffs' Complaint, Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (DKT 8) and Motion for an Expedited Hearing (DKT 9).[1] Plaintiffs do not consent to a 30 day extension for Defendants absent tolling of the statute of limitations for putative collective action members. But, tolling is not warranted as a matter of law and because of Plaintiffs' conduct to date outlined below.

  On July 11, 2017, Plaintiffs filed their putative collective action Complaint under the Fair Labor Standards Act ("FLSA") (DKT 1) along with consents to join the action—some dated as early as March 2017—from 91 putative opt-in Plaintiffs.[2] The Summons was issued the next day, on July 12, 2017. Defendants, of course, have 21 days after <u>service</u> of the Summons to formally respond to the Complaint. On July 21, 2017, just ten days after the Summons was issued,

---

[1] These two applications (hereafter, "Motions") were filed prior to service of the Complaint in this matter on Defendants, necessitating the need for an immediate conference and scheduling relief prior to issue being joined.

[2] Defendants are investigating the circumstances under which these Consents were elicited, and will raise any identified issues relating to thereto (as well as issues relating to the sweepingly broad language of the Consents) when responding to the Complaint and Motions.



Hon. Michael A. Telesca
July 31, 2017
Page 2

Plaintiffs filed their Motions, even though Defendants still had not been served as required by Fed. R. Civ. P. 4(c). Although no affidavit of service has yet been filed with the Court as provided by Fed. R. Civ. P. 4(1)(1), it is our understanding that the Company was served with the Summons and Complaint on July 28, 2017. Defendants have not yet filed an Answer (or a pre-answer motion under Fed R. Civ. P. 12) to the Complaint, and the current deadline to do so is August 17, 2017.[3]

On Thursday, July 27, 2017, the day we filed our Notices of Appearance, I called Plaintiffs' counsel, Jessica L. Lukasiewicz, Esq., of Thomas & Solomon LLP., to inform her that we were just retained to represent Defendants. Because we had just appeared and were still reviewing the lengthy Complaint and Motion for Conditional Certification, and further had not yet had a meaningful opportunity to thoroughly review these filings or conduct any investigation into Plaintiffs' allegations, I requested consent from Plaintiffs' counsel for a 30 day extension of time for the Defendants to file their Answer (or a pre-Answer motion) and to determine, in consultation with our client, how best to respond to Plaintiffs' pending Motions. By any measure, this was a very reasonable request. Ms. Lukasiewicz immediately said that Plaintiffs would not agree to a 30 day extension of time for Defendants to respond to the Complaint and pending Motions unless Defendants agreed to toll the statute of limitations under the FLSA for all putative collective action members. I informed Ms. Lukasiewicz that I would convey her request for tolling to Defendants, but it was very unlikely Defendants would agree, and, in any event, tolling is not warranted or necessary at this time. Today I confirmed for Ms. Lukasiewicz that Defendants would not agree to tolling.

Plaintiffs' Motions are extremely premature. Indeed, they were filed one week *before* the Summons and Complaint were actually served on Defendants. Plaintiffs have engaged in an end-run around the procedural rules and now seek to leverage their conduct by refusing to grant Defendants a reasonable amount of time to investigate the claims before responding to the Complaint and Plaintiffs' prematurely filed Motions without tolling. However, there are no "extraordinary circumstances" warranting tolling for hypothetical opt-in plaintiffs. Counsel's implicit position (based on their conduct described above, as repeated numerous times in this District) is, essentially, that such extraordinary circumstances exist in every putative collective action under the FLSA they file, at the outset. This position seeks to re-write the FLSA's limitations provision, and must be rejected. Indeed, for this Court to grant or even address a request for tolling at this juncture would constitute an impermissible advisory opinion as a matter of law.

An FLSA collective action is deemed commenced on the date of filing only for named party plaintiffs who have simultaneously filed a consent. The action commences for each putative plaintiff on the date the individual opts into the suit by filing his or her own written consent. 29 U.S.C. § 256. There is a two-year statute of limitations for FLSA claims, except for those arising out of a willful violation, which are subject to a three-year limitations period. *Id.* §

---

[3] On July 24, 2017, before undersigned counsel had appeared in the case, a Civil Docket entry issued stating that responses to Plaintiffs' Motions are due by August 8, 2017, replies are due by August 15, 2017, and motion papers will be submitted to Your Honor without oral argument on August 17, 2017. We trust these deadlines reflect only the Clerk's Office administrative response to the ECF-filing of the Motions, and not the Court's view regarding the appropriate briefing schedule, especially because they contemplate both Motions being fully briefed before Defendants' August 17 deadline to respond to the Complaint.



255(a). In this Circuit, "equitable tolling is only appropriate in [ ] rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted) (alteration in original); *Menominee Indian Tribe v. United States*, 136 S. Ct. 750 (U.S. Jan. 25, 2016). Equitable tolling is generally appropriate where the potential plaintiff "actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where [he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). "[A] district court must consider whether the person[s] seeking application of the equitable tolling doctrine (1) ha[ve] acted with reasonable diligence during the time period [they] seek[ ] to have tolled, and (2) ha[ve] proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 81 (citation and internal quotation marks omitted) (alterations added).

Here, there are no extraordinary circumstances warranting tolling. This action was just filed. It is clear Plaintiffs have been actively seeking participation in this lawsuit for months, with many of the 91 consents filed along with the Complaint having been signed and dated months ago (some as early as March 2017). Clearly Plaintiffs were not concerned about the statute of limitations running for putative members of the collective when they spent months obtaining participants to join the case without interposing the claims of those who had already signed consents. Plaintiffs wrote letters to putative collective members for months before filing their Complaint, ignored procedural rules by filing premature Motions before Defendants were even served with the Complaint, and now refuse to unconditionally grant Defendants the courtesy of a 30 day extension of time to respond to their 246 paragraph Complaint and detailed Motions. This request for 30 days to review these proceedings at the outset of litigation does not constitute extraordinary circumstances.

Equitable tolling also is not appropriate as a matter of law. The Supreme Court has made clear that "a federal court has neither the power to render advisory opinions nor decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Priser v. Newkirk*, 422 U.S. 395, 401 (1975). Here, a decision to equitably toll the statute of limitations would have no effect on Plaintiffs or others who have filed consents and joined this case. It is far from certain that conditional certification will be granted or that any collective action proceeding will be appropriate here, as Defendants will address in greater detail in responding to the Complaint and Motions. Even if the Court had already granted conditional class certification, the Supreme Court has made that such certification under the FLSA "does not produce a class with an independent legal status, or join additional parties." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013). Therefore, neither the class itself nor individuals who have not yet opted into the class would have status or interests before the Court.



Plaintiffs contend that tolling is appropriate to avoid prejudice to potential opt-in members in FLSA cases.[4] But only "a few [courts] have considered this particular jurisdiction argument[,]" and all which have found a lack of jurisdiction. *See Ruder v. CWL Invs. LLC*, 16-cv-4460(PHX) (DGC), 2017 U.S. Dist. LEXIS 117548 (D. Ariz. Jul. 27, 2017) (citing *Sylvester v. Wintrust Fin. Corp.*, No 12 C 01899, 2013 WL 5433593, at *10 (N.D. Ill. Sept. 30, 2013). Indeed, the Court of Appeals for the Federal Circuit has explained:

> The district court's tolling order did not apply to the seven plaintiffs before the court, each of whom had unquestionably filed on time. Nor did it apply to the employees who might possibly benefit from a tolling ("employees as to whom discovery has been directed"). Those employees have not filed claims, and it is unknown whether they ever will. Under general principles derived from the "case or controversy" requirement of Article III, Section 2, Clause 1 of the U.S. Constitution, a federal court is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it. Nor do courts "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." When and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA.

*Id.* (citing *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (citations omitted); *see also Piekarski v. Amedisys Illinois, LLC*, No. 12-CV-7346, 2013 U.S. Dist. LEXIS 74871, at *3 (N.D. Ill. May 28, 2013) (finding that it would be premature and improper for the court to toll the statute of limitations for prospective plaintiffs in a FLSA action); *Tidd v. Adecco USA, Inc.*, No. CIV.A. 07-11214-GAO, 2013 U.S. Dist. LEXIS 74871, 2010 WL 996769, at *3 (D. Mass. Mar. 16, 2010) (finding that "the plaintiffs' request for equitable tolling of the statute of limitations for potential class members is premature. Because these persons have not yet opted into the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue.") (citation omitted). Granting equitable tolling for hypothetical opt-in plaintiffs would constitute an impermissible advisory opinion. Equitable tolling may never be necessary because conditional class certification may never be granted or, even if it is, many individuals to whom such notice might be sent never will opt in and potentially apply for such tolling. Moreover, future opt-in plaintiffs must show the diligence and extraordinary circumstances required to obtain equitable tolling.

For all of these reasons, we respectfully seek not only a conference with the Court for the purpose of making a motion to extend the Defendants' time to file an Answer or pre-answer motion and to respond to the Plaintiffs' Motions, but also a postponement of any decision by Your Honor with respect to what we believe is Plaintiffs' premature motion for conditional certification

---

[4] It is noteworthy that in their Motion for an Expedited Hearing, Plaintiffs cite to no authority to support their request for expedited conditional certification as a remedy.



Hon. Michael A. Telesca<br>
July 31, 2017<br>
Page 5

in this action, pending a fair opportunity and reasonable extension of time for the Defendants to fully investigate and respond to the motion.

We appreciate Your Honor's attention to this request.

Respectfully submitted,

William J. Anthony

cc: All counsel of record (via ECF)