UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SKYLER LUSK, TIA COUNCIL, VIKTORIA
O'BRIEN, and JUSTIN BYROAD, *on
behalf of themselves and all other
employees similarly situated,*      **No. 6:17-cv-06451-MAT**
                                        Plaintiffs,      **DECISION AND ORDER**

                -vs-

SERVE U BRANDS, INC., INSOMNIA
COOKIES, LLC, and SETH BERKOWITZ,

                                          Defendants.

---

**I. INTRODUCTION**

Named Plaintiffs Skyler Lusk, Tia Council, Viktoria O'Brien, and Justin Byroad (collectively "Named Plaintiffs"), former delivery drivers for Defendant Insomnia Cookies, LLC ("Insomnia Cookies"), commenced the instant action on July 11, 2017, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, as well as violations of the state laws of New York, Michigan, and Indiana. Docket No. 1. Currently pending before the Court are Named Plaintiffs' motion for conditional certification of the case as a collective action pursuant to the FLSA (Docket No. 8) and defendants Serve U Brands, Inc. ("Serve U"), Insomnia Cookies, and Seth Berkowitz's ("Berkowitz") (collectively "Defendants") motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 35). For the reasons discussed below, Defendants' motion to dismiss is granted and Named Plaintiffs' motion for conditional certification is denied.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

Named Plaintiffs worked as delivery drivers for Insomnia Cookies between 2015 and 2017 at stores in Rochester, New York, Ypsilanti, Michigan, Ann Arbor, Michigan, and West Lafayette, Indiana.  According to the complaint, Serve U is the parent company of Insomnia Cookies, while Berkowitz is Insomnia Cookies' chief executive officer ("CEO") and founder, as well as the CEO of Serve U.  Named Plaintiffs allege that Insomnia Cookies, Serve U, and Berkowitz all meet the definition of "employer" set forth in the FLSA.

Named Plaintiffs allege the following facts that are relevant to the instant motions: (1) they were paid a base rate of $5.00 per hour while employed by Defendants; (2) they were not reimbursed for miles driven, for vehicle maintenance costs incurred, or for "other 'tools of the trade' necessary to complete the job" (Docket No. 1 at ¶ 86), including cell phone usage and metered parking; (3) Defendants did not inform them of the statutory requirements related to the federal tip credit for tipped employees; and (4) Defendants improperly calculated Named Plaintiffs' overtime rate of pay, because they did not include mandatory delivery charges and other "additional wages" in determining the applicable regular rate of pay.

Named Plaintiffs commenced this action on July 11, 2017.  Docket No. 1.  On July 21, 2017, Named Plaintiffs moved for conditional certification of the case as a collective action

pursuant to the FLSA, as well as for authorization of notice to potential opt-in plaintiffs. Docket No. 8.[1] On September 15, 2017, Defendants filed a motion seeking dismissal of the complaint. Docket No. 35.

**III. DISCUSSION**

    **A.    Legal Standard for Motions to Dismiss for Failure to State a Claim**

"To survive a motion to dismiss [made pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide "detailed factual allegations," it nevertheless must assert "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The plaintiff must plead facts that "raise a right to relief above the speculative level on the assumption that all the allegations in

---

[1]    Named Plaintiffs' also concurrently filed a motion for expedited consideration of their request for conditional certification. While the Court did not find expedited consideration of the motion necessary, the Court did grant limited equitable tolling of the applicable statute of limitations in its Decision and Order dated August 16, 2017. Docket No. 24. Accordingly, Named Plaintiffs' motion for expedited consideration (Docket No. 9) is denied as moot.

3

the complaint are true." *Id.* (citations omitted). In deciding the motion, the Court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the nonmovant. *Atwood v. Cohen & Slamowitz LLP*, No. 17-702-CV, 2017 WL 6403506, at *1 (2d Cir. Dec. 15, 2017).

**C.  The Complaint Fails to State an FLSA Claim**

Defendants argue that Named Plaintiffs' complaint fails to state a claim pursuant to the FLSA with respect to either their minimum wage claims or their overtime claims. For the reasons set forth below, the Court agrees.

With respect to Named Plaintiffs' minimum wage claims, pursuant to the FLSA, "minimum wage claims are based on the plaintiff's pay for a particular week." *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 2865899, at *11 (W.D.N.Y. June 24, 2014). "Under what has become known as the *Klinghoffer* rule, taking its name from *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960), no minimum wage violation occurs so long as the total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the applicable minimum wage." *Id.* (internal quotation omitted). As such, in order to state a claim for a minimum wage violation under the FLSA, a complaint must allege that, during at least one particular week, "the average of the Plaintiffs' . . . wages was less than the federal minimum wage." *Id*.

4

The complaint in this case fails to meet this standard. In particular, and as Defendants correctly point out, Named Plaintiffs have failed to provide sufficient information in their complaint for a finder of fact to be able to determine their rate of pay in any given work week. This is so because Named Plaintiffs have affirmatively alleged that, in addition to their $5.00 per hour base rate of pay, they were also paid mandatory delivery charges and unspecified "additional wages." *See* Docket No. 1 at ¶¶ 95, 100. Service charges that are distributed by an employer to its employees "may be used in their entirety to satisfy the monetary requirements of the [FLSA]." 29 C.F.R. § 531.55. As such, without knowing the amount of the mandatory delivery charges and the other additional wages paid to Named Plaintiffs, it is impossible to conclude from the allegations in the complaint that Defendants failed to pay them the federally mandated minimum wage in any given week.

Plaintiffs argue in opposition to Defendants' motion that it is immaterial how much they received in mandatory service charges and additional wages, because they have alleged that Defendants did not properly inform they were taking a tip credit from their wages. Plaintiffs are incorrect. As they themselves point out in their complaint, "mandatory service charges are not considered tips under the FLSA." Docket No. 1 at ¶ 100. Plaintiffs also have not alleged that the "additional wages" paid to them by Defendants were tips. Under these circumstances, Defendants' alleged failure to

5

comply with the notice requirements of 29 U.S.C. § 203(m) is insufficient, standing alone, to render Named Plaintiffs' FLSA minimum wage claims plausible.

Turning to Named Plaintiffs' FLSA overtime claims, the pleading standards for such claims have been clearly set forth by the Second Circuit. In order to state an overtime claim under the FLSA, "Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The Second Circuit has expressly held that an allegation that a plaintiff worked more than 40 hours in "some or all weeks" without being paid an appropriate rate of compensation does not meet the plausibility standard. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

In this case, Named Plaintiffs allege that they worked in excess of 40 hours on "numerous occasions" without being paid at least one and one-half times their regular rate. Docket No. 1 at ¶ 97. This allegation is essentially the same as the allegation the Second Circuit found insufficient in *Dejesus*. *See also Smith v. Mastercraft Decorators, Inc.*, No. 09-CV-579S, 2011 WL 5191755, at *3 (W.D.N.Y. Oct. 31, 2011) (allegation that plaintiff routinely worked in excess of 40 hours per week was insufficient to state an overtime claim under the FLSA).

Named Plaintiffs' attempt to distinguish *Dejesus* is unavailing. Named Plaintiffs contend that because their complaint focuses on the rate they were paid for overtime hours, rather than claiming that they were not paid at all when they worked overtime, they do not need to meet the pleading standard set forth in *Lundy* and reiterated in *Dejesus*. They are incorrect. While the primary issue raised by the complaint is indeed how Defendants calculated Named Plaintiffs' overtime rate of pay, it is axiomatic that Named Plaintiffs must plausibly allege that they worked compensable overtime before the issue of their rate of pay becomes relevant. As such, the standard set forth in *Lundy* applies, and Named Plaintiffs have failed to meet it. Their FLSA overtime claims therefore must be dismissed.

**D.  The Court Declines to Exercise Supplemental Jurisdiction**

Having found that Named Plaintiffs have failed to state a claim under the FLSA, the Court must consider whether to dismiss Plaintiffs' remaining claims, all of which arise under state law. "The Court has the discretion to dismiss plaintiff's pendent state law claim[s] for lack of subject matter jurisdiction when it dismisses all of the federal question claims in a complaint." *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007). "It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures*

*v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). In this case, having determined that all the federal claims set forth in the complaint are subject to dismissal, the Court declines to exercise pendent jurisdiction over Named Plaintiffs' state law claims.

**E.  The Court Declines to Reach Defendants' Remaining Arguments**

Defendants have also argued that Plaintiffs fail to state a claim as to Berkowitz and that the consent form used by the opt-in plaintiffs in this action is defective. Having determined that the complaint is subject to dismissal, the Court need not and does not reach these arguments.

**F.  The Motion for Conditional Certification is Moot**

As discussed above, Named Plaintiffs have moved for conditional certification of this matter as an FLSA collective action. By definition, however, the Court cannot certify an FLSA collective action where no plausible FLSA claim has been alleged. As such, the Court's determination that Named Plaintiffs have failed to state an FLSA claim necessarily renders their request for conditional certification moot. Accordingly, Named Plaintiffs' motion for conditional certification is denied.

**G.  Named Plaintiffs' Request For Leave to Amend**

In their opposition to Defendants' motion, Named Plaintiffs make a cursory request that they be granted leave to replead their FLSA claims. Named Plaintiffs have failed to comply with the

requirements for making a request for leave to amend.  In particular, Named Plaintiffs have failed to comply with Western District of New York Local Rule 15(a), which requires a party seeking to amend a pleading to submit an unsigned copy of the proposed amended pleading to the Court.

However, the Court finds that the interests of justice will be served by affording Named Plaintiffs an opportunity to file a properly supported motion for leave to file an amended complaint. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (having concluded that plaintiffs failed to state a claim under the FLSA, it was error for the court to order the case terminated without affording an opportunity to seek leave to amend).  Such a motion must be made within 30 days of entry of this Decision and Order.  In the event that no such motion is filed, the Clerk of the Court is instructed to close this case without further order of the Court.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss the complaint (Docket No. 35) is granted. Named Plaintiffs' motion for conditional certification (Docket No. 8) and accompanying motion for expedited consideration (Docket No. 9) are denied as moot.  Named Plaintiffs shall have 30 days from entry of this Decision and Order to move for leave to file an amended complaint. In the event they fail to file such a motion, the Clerk of the

9

Court is instructed to close the case without further order of the Court.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      **S/Michael A. Telesca**
                                       HON. MICHAEL A. TELESCA
                                   United States District Judge

Dated:    February 12, 2018
             Rochester, New York