UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKYLER LUSK, TIA COUNCIL, VIKTORIA O'BRIEN, AND JUSTIN BYROAD, *on behalf of themselves and all other employees similarly situated*,<br><br>*Plaintiffs,*<br><br>v.<br><br>SERVE U BRANDS, INC., INSOMNIA COOKIES, LLC, AND SETH BERKOWITZ,<br><br>*Defendants.* | Civil Action No.<br>17-6451 (MAT) (JWF) |

**JOINT PROPOSED DISCOVERY PLAN AND CASE MANAGEMENT ORDER**

Counsel for the parties have conferred regarding the matters identified herein and have therefore prepared the following proposed plan and order in accordance with Fed. R. Civ. P. 26(f) and the Court's July 11, 2018 Order.

A.   **Nature of the Case**

Plaintiffs' amended complaint alleges violations of the Fair Labor Standards Act ("FLSA") and New York, Michigan, and Indiana state laws arising from defendants' alleged illegal pay policies and practices, including minimum wage violations based on defendants' alleged failure to reimburse employees for vehicle and related expenses and alleged overtime violations for defendants' failure to include all remuneration in the regular rate calculation. Plaintiffs also allege that defendants failed to provide proper notification to employees of defendants' use of the tip credit and that defendants allegedly improperly retained mandatory delivery charges collected from customers. Defendants dispute all of the aforementioned allegations, maintain that all employees with claims in this case were paid properly, and assert

numerous defenses to Plaintiffs' individual and putative class/collective action allegations. Defendants further assert that the individual Defendant, Mr. Berkowitz, was not Plaintiffs' "employer" within the meaning of applicable law.

Shortly after filing the complaint, plaintiffs filed a motion for conditional certification of the FLSA claims. *See* Docket No. 8. On February 12, 2018, the Court granted defendants' motion to dismiss the complaint but held that plaintiffs could request leave to file an amended complaint. *See* Docket No. 47. In its Order, the Court also held that plaintiffs' motion for conditional certification was rendered moot. *See id.* On March 13, 2018, plaintiffs filed a motion to amend the complaint. *See* Docket No. 48. Defendants opposed the motion. On June 14, 2018, the Court granted plaintiffs' motion to amend. *See* Docket No. 57. Plaintiffs filed an amended complaint on June 21, 2018 (*see* Docket No. 59) and a renewed motion for conditional certification on July 30, 2018 (*see* Docket No. 63).

  B. **Rule 26(a) Initial Disclosures**

The parties propose that initial disclosures be due on or before August 29, 2018.

  C. **Alternative Dispute Resolution**

The parties will comply with all deadlines and requirements contained in the ADR Plan for the Western District of New York.

  D. **Date to Amend Pleadings and Add Parties**

The parties propose that any motion to amend the pleadings or join additional parties shall be filed by no later than September 14, 2018.

  E. **Discovery Schedule**

*Plaintiffs' Statement:* Plaintiffs propose that all discovery commence after this Court's ruling on plaintiffs' pending motion for conditional certification. *See* Docket No. 63. Once

this Court has issued its ruling on plaintiffs' motion, the size and scope of the class will be known, and the parties can proceed to conferring on an appropriate approach to discovery at that time, including consideration of whether certain discovery should be conducted based on a sample of opt-in plaintiffs.

*Defendants' Statement*: Defendants propose that discovery move forward as to the claims of the Named Plaintiffs and 88 individuals who have filed consents to become party plaintiffs in this action to date ("Opt-In Plaintiffs"). The Parties have already exchanged written discovery requests following their July 25, 2018 Rule 26(f) conference, and Defendants also served deposition notices on the Named Plaintiffs and Opt-In Plaintiffs. This discovery is necessary regardless of the outcome of Plaintiffs' conditional certification motion: if that motion is denied, it is all of the parties subject to discovery, and if that motion is granted (in whole or in part), the discovery will greatly inform the further discovery needed as to any conditionally certified collective group. Defendants propose that all discovery shall be completed on or before May 15, 2019, and all motions to compel discovery shall be filed at least 30 days prior to the factual discovery cutoff. Defendants are also not opposed to revisiting this proposed discovery cut-off date after the Court rules on Plaintiffs' conditional certification motion.

F. **Limitations in Discovery Under Rules 30(d)(2) and 33(a)**

The parties agree that there may not be a need to change the limitations on discovery as provided in Rule 30(a)(2)(A), 30(d)(2), and/or Rule 33(a) and Local Rule 34. To the degree that changes need to be made, the parties will confer to attempt to reach an agreement.

G.      **Motions Relating to Certification and Merits**

*Plaintiffs' Statement:* Plaintiffs propose that the parties shall file any class certification motion on or before 30 days following the close of discovery, and dispositive motions within 60 days of any order regarding certification.

*Defendants' Statement:* Defendants propose that the parties shall file any class certification motion on or before May 2, 2019, and dispositive motions within 60 days of any order regarding certification.

H.      **Disclosure of Expert Witness**

The parties shall identify expert witnesses, if any, and provide reports pursuant to Fed. R. Civ. P. within 90 days after the Court issues a decision on any dispositive motions. All discovery relating to experts, including depositions and rebuttal reports, shall be completed within 60 days after service of any expert disclosure.

I.      **Disposition by Magistrate Judge**

The parties do not consent to Magistrate Judge jurisdiction in this action.

J.      **Trial**

Plaintiffs have requested a jury trial.  The length of the trial depends on the Court's rulings in plaintiffs' certification motions, however, the parties estimate the trial length would be two weeks as to Named Plaintiffs' claims.

K.      **Electronic Discovery**

The parties agree to conduct a separate ESI conference by no later than September 14, 2018.

L.      **Stipulated Protective/Confidentiality Order**

The parties intend to file a Stipulated Protective/Confidentiality Order pursuant to Fed.

R. Civ. P. 26(c).

**WHEREFORE**, the parties respectfully request that the Court adopt the dates and deadlines set forth above as the Discovery Plan and Case Management Order in this matter.

Dated: August 9, 2018.

Additionally, counsel for Defendants William J. Anthony respectfully requests to participate via telephone for the Rule 16(b) conference scheduled for August 15, 2018 at 10:30 a.m. Undersigned counsel for Defendants Noel P. Tripp and Douglas J. Klein shall appear in person. Counsel for Plaintiffs consent to this request.

          **THOMAS & SOLOMON LLP**

By: /s Jessica L. Lukasiewicz
   J. Nelson Thomas, Esq.
   Michael J. Lingle, Esq.
   Sarah E. Cressman, Esq.
   Jessica L. Lukasiewicz, Esq.
   *Attorneys for Plaintiffs*
   693 East Avenue
   Rochester, New York 14607
   Telephone: (585) 272-0540
   nthomas@theemploymentattorneys.com
   mlingle@theemploymentattorneys.com
   scressman@theemploymentattorneys.com
   jlukasiewicz@theemploymentattorneys.com

          **JACKSON LEWIS P.C.**

By: /s William J. Anthony
   William J. Anthony, Esq.
   Noel P. Tripp, Esq.
   Douglas J. Klein, Esq.
   *Attorneys for Defendants*
   677 Broadway, 9th Floor
   Albany, New York 11207
   Telephone: (518) 512-8700

          Facsimile: (518) 242-7730
            William.Anthony@jackson lewis.com
         Noel.Tripp@jacksonlewis.com
         Douglas.Klein@jacksonlewis.com