UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SKYLER LUSK, TIA COUNCIL, VIKTORIA
O'BRIEN, AND JUSTIN BYROAD, *on behalf of
themselves and all other employees similarly situated,*

|                                  | Civ. No.: 17-cv-6451 (MAT) (JWF) |
|---|---|

*Plaintiffs,*

-against-

SERVE U BRANDS, INC., INSOMNIA COOKIES,
LLC, AND SETH BERKOWITZ,

*Defendants.*

-------------------------------------------------------------X

## DECLARATION OF NOEL P. TRIPP IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PUTATIVE OPT-IN PLAINTIFFS SUBJECT TO INDIVIDUAL DISPUTE RESOLUTION AGREEMENTS

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.     I am a Principal at Jackson Lewis P.C. and counsel for Defendants in connection with the above-captioned action.  I am fully familiar with the facts set forth herein, and make this Declaration in Support of Defendants' Motion to Dismiss the Claims of Putative Opt-In Plaintiffs Subject to Individual Dispute Resolution Agreements.

2.     Attached hereto as **Exhibit A** is a true and correct copy of the Mediation and Class Action Waiver Agreement executed by the following individuals who have filed Consents to Join this action: Avery Buggs, Christopher Lee Caldwell, Dylan Burgett, Hannah Stanger, Michael Crespo, and Ben Sehnert (the "DRA Opt-in Plaintiffs").

3.     Attached hereto as **Exhibit B** are true and correct copies of the Consents to Join filed in this case by each DRA Opt-In Plaintiff.

4.      Attached hereto as **Exhibit C** is a true and correct copy of a letter from the undersigned to DRA Opt-in Plaintiffs' counsel dated June 22, 2018, without the exhibits thereto.

5.      Attached hereto as **Exhibit D** is a true and correct copy of a letter from the undersigned to DRA Opt-in Plaintiffs' counsel dated July 20, 2018, without the exhibits thereto.

6.      On July 25, 2018, the undersigned spoke with counsel for DRA Opt-In Plaintiffs on the telephone and requested that counsel provide the DRA Opt-In Plaintiffs' response to the letters enclosed as Exhibits C and D, if any response was to be forthcoming. To date, we have not received any response from DRA Opt-In Plaintiffs' counsel.

Dated: August 13, 2018
       Melville, New York

Noel P. Tripp, Esq.
JACKSON LEWIS P.C.
58 South Service Road
Suite 250
Melville, NY 11747
Noel.Tripp@jacksonlewis.com

4812-4900-7472, v. 2

# EXHIBIT A



## MEDIATION AND CLASS ACTION WAIVER AGREEMENT

1.    **Introduction and Scope.** In consideration of your employment or continued employment with Insomnia Cookies (the "Company"), you agree to enter into this Agreement providing for optional mediation of disputes arising out of your employment with the Company, and for the waiver of your right to participate in class or collective actions.   This Agreement is intended to apply to any dispute or controversy arising out of or related to your employment with the Company or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual, and survives after the employment relationship terminates.  Except as it otherwise provides, this Agreement applies, without limitation, to any dispute or controversy arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, as well as to any dispute or controversy with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks, rest periods or meal breaks, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, any and all state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended

to be a substitute for the utilization of such procedures.  This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov).  The Company will not retaliate against you for filing such a charge.  Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, or National Labor Relations Board.   Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement.  This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement.  Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in state or federal court.  The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights under Section 7 of the National Labor Relations Act.

  **2.**  **Mediation.**  In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute. If such request is made, the other party shall respond in writing by no later than seven (7) business days thereafter, stating whether such other party is willing to participate in such mediation, and such mediation shall occur within thirty (30) days following such notification.  If the parties are unable to agree on a mediator, then the matter shall be submitted to the mediation program conducted by the American Arbitration Association in the state where you are employed, and a mediator shall be selected pursuant to the rules applicable to such program.  The Company shall pay the costs of any such proceeding.

  In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the Company.  The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties.  **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

3.      **Class and Collective Action Waiver. This Agreement affects your ability to participate in class or collective actions.** Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis only, and that neither you nor the Company will seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or any other action in which the Company or you propose to act in a representative capacity on behalf of others.    Both you and the Company further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.   Accordingly, there will be no right or authority for you to bring any dispute covered by this Agreement as class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver").   You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum.   However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, and seek dismissal of such class and collective actions or claims. The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

4.      **Your Right to Opt Out of Class Action Waiver.  You may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.** In order to opt out, you must notify the Company within fourteen (14) days of your receipt of this Agreement of your intention to opt out by submitting a signed and dated statement to the Company's at hr@insomniacookies.com stating your intention to opt out.  If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.

If you do not opt out within fourteen  (14) days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company, regardless of whether or not you sign this Agreement.  You have the right to consult with counsel of your choice concerning this Agreement.

5.      **Enforcement of this Agreement.** This Agreement replaces all prior agreements regarding the resolution of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by

this Agreement.  In the event that any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**AGREED:  Insomnia Cookies**

**AGREED AND RECEIVED:**

**EMPLOYEE NAME PRINTED:** Avery Buggs

**EMPLOYEE SIGNATURE:**

**DATE:** 05/26/77



## MEDIATION AND CLASS ACTION WAIVER AGREEMENT

1.     **Introduction and Scope.**  In consideration of your employment or continued employment with Insomnia Cookies (the "Company"), you agree to enter into this Agreement providing for optional mediation of disputes arising out of your employment with the Company, and for the waiver of your right to participate in class or collective actions.  This Agreement is intended to apply to any dispute or controversy arising out of or related to your employment with the Company or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual, and survives after the employment relationship terminates.  Except as it otherwise provides, this Agreement applies, without limitation, to any dispute or controversy arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, as well as to any dispute or controversy with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks, rest periods or meal breaks, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, any and all state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended

to be a substitute for the utilization of such procedures. This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov). The Company will not retaliate against you for filing such a charge. Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, or National Labor Relations Board. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in state or federal court. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights under Section 7 of the National Labor Relations Act.

2.     **Mediation.** In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute. If such request is made, the other party shall respond in writing by no later than seven (7) business days thereafter, stating whether such other party is willing to participate in such mediation, and such mediation shall occur within thirty (30) days following such notification. If the parties are unable to agree on a mediator, then the matter shall be submitted to the mediation program conducted by the American Arbitration Association in the state where you are employed, and a mediator shall be selected pursuant to the rules applicable to such program. The Company shall pay the costs of any such proceeding.

In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the Company. The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties. **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

3.      **Class and Collective Action Waiver. This Agreement affects your ability to participate in class or collective actions.** Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis only, and that neither you nor the Company will seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or any other action in which the Company or you propose to act in a representative capacity on behalf of others.   Both you and the Company further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.  Accordingly, there will be no right or authority for you to bring any dispute covered by this Agreement as class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver").  You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum.  However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, and seek dismissal of such class and collective actions or claims.  The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

4.      **Your Right to Opt Out of Class Action Waiver.  You may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.** In order to opt out, you must notify the Company within fourteen (14) days of your receipt of this Agreement of your intention to opt out by submitting a signed and dated statement to the Company's at hr@insomniacookies.com stating your intention to opt out.  If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.

If you do not opt out within fourteen  (14) days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company, regardless of whether or not you sign this Agreement.  You have the right to consult with counsel of your choice concerning this Agreement.

5.      **Enforcement of this Agreement.** This Agreement replaces all prior agreements regarding the resolution of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by

this Agreement.  In the event that any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**AGREED:  Insomnia Cookies**

**AGREED AND RECEIVED:**

**EMPLOYEE NAME PRINTED:** _Dylan Burgett_

**EMPLOYEE SIGNATURE:** _Dylan Burgett_

**DATE:** _5/28_



## MEDIATION AND CLASS ACTION WAIVER AGREEMENT

**1.**      **Introduction and Scope.**  In consideration of your employment or continued employment with Insomnia Cookies (the "Company"), you agree to enter into this Agreement providing for optional mediation of disputes arising out of your employment with the Company, and for the waiver of your right to participate in class or collective actions.   This Agreement is intended to apply to any dispute or controversy arising out of or related to your employment with the Company or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual, and survives after the employment relationship terminates.  Except as it otherwise provides, this Agreement applies, without limitation, to any dispute or controversy arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, as well as to any dispute or controversy with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks, rest periods or meal breaks, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, any and all state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended

to be a substitute for the utilization of such procedures. This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov). The Company will not retaliate against you for filing such a charge. Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, or National Labor Relations Board. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in state or federal court. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights under Section 7 of the National Labor Relations Act.

   **2.     Mediation.** In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute. If such request is made, the other party shall respond in writing by no later than seven (7) business days thereafter, stating whether such other party is willing to participate in such mediation, and such mediation shall occur within thirty (30) days following such notification. If the parties are unable to agree on a mediator, then the matter shall be submitted to the mediation program conducted by the American Arbitration Association in the state where you are employed, and a mediator shall be selected pursuant to the rules applicable to such program. The Company shall pay the costs of any such proceeding.

   In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the Company. The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties. **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

3. **Class and Collective Action Waiver. This Agreement affects your ability to participate in class or collective actions.** Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis only, and that neither you nor the Company will seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or any other action in which the Company or you propose to act in a representative capacity on behalf of others. Both you and the Company further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding. Accordingly, there will be no right or authority for you to bring any dispute covered by this Agreement as class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver"). You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum. However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, and seek dismissal of such class and collective actions or claims. The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

4. **Your Right to Opt Out of Class Action Waiver. You may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.** In order to opt out, you must notify the Company within fourteen (14) days of your receipt of this Agreement of your intention to opt out by submitting a signed and dated statement to the Company's at hr@insomniacookies.com stating your intention to opt out. If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.

If you do not opt out within fourteen (14) days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company, regardless of whether or not you sign this Agreement. You have the right to consult with counsel of your choice concerning this Agreement.

5. **Enforcement of this Agreement.** This Agreement replaces all prior agreements regarding the resolution of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by

this Agreement.  In the event that any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**AGREED:  Insomnia Cookies**

**AGREED AND RECEIVED:**

**EMPLOYEE NAME PRINTED:** ___Chris Caldwell___

**EMPLOYEE SIGNATURE:** _____

**DATE:** ____5/24/17_____



## MEDIATION AND CLASS ACTION WAIVER AGREEMENT

1.     **Introduction and Scope.** In consideration of your employment or continued employment with Insomnia Cookies (the "Company"), you agree to enter into this Agreement providing for optional mediation of disputes arising out of your employment with the Company, and for the waiver of your right to participate in class or collective actions.   This Agreement is intended to apply to any dispute or controversy arising out of or related to your employment with the Company or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual, and survives after the employment relationship terminates.  Except as it otherwise provides, this Agreement applies, without limitation, to any dispute or controversy arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, as well as to any dispute or controversy with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks, rest periods or meal breaks, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, any and all state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended

to be a substitute for the utilization of such procedures. This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov). The Company will not retaliate against you for filing such a charge. Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, or National Labor Relations Board. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in state or federal court. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights under Section 7 of the National Labor Relations Act.

2.      **Mediation.** In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute. If such request is made, the other party shall respond in writing by no later than seven (7) business days thereafter, stating whether such other party is willing to participate in such mediation, and such mediation shall occur within thirty (30) days following such notification. If the parties are unable to agree on a mediator, then the matter shall be submitted to the mediation program conducted by the American Arbitration Association in the state where you are employed, and a mediator shall be selected pursuant to the rules applicable to such program. The Company shall pay the costs of any such proceeding.

In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the Company. The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties. **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

3. **Class and Collective Action Waiver. This Agreement affects your ability to participate in class or collective actions.** Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis only, and that neither you nor the Company will seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or any other action in which the Company or you propose to act in a representative capacity on behalf of others.   Both you and the Company further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.  Accordingly, there will be no right or authority for you to bring any dispute covered by this Agreement as class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver").  You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum.  However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, and seek dismissal of such class and collective actions or claims.  The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

4. **Your Right to Opt Out of Class Action Waiver.  You may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.**  In order to opt out, you must notify the Company within fourteen (14) days of your receipt of this Agreement of your intention to opt out by submitting a signed and dated statement to the Company's at hr@insomniacookies.com stating your intention to opt out.  If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.

If you do not opt out within fourteen (14) days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company, regardless of whether or not you sign this Agreement.  You have the right to consult with counsel of your choice concerning this Agreement.

5. **Enforcement of this Agreement.**  This Agreement replaces all prior agreements regarding the resolution of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by

this Agreement.  In the event that any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**AGREED:  Insomnia Cookies**

**AGREED AND RECEIVED:**

**EMPLOYEE NAME PRINTED:** _Michael Crespo_

**EMPLOYEE SIGNATURE:** _Mert Crespo_

**DATE:** _5/30/15_



## MEDIATION AND CLASS ACTION WAIVER AGREEMENT

1.      **Introduction and Scope.**  In consideration of your employment or continued employment with Insomnia Cookies (the "Company"), you agree to enter into this Agreement providing for optional mediation of disputes arising out of your employment with the Company, and for the waiver of your right to participate in class or collective actions.   This Agreement is intended to apply to any dispute or controversy arising out of or related to your employment with the Company or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual, and survives after the employment relationship terminates.  Except as it otherwise provides, this Agreement applies, without limitation, to any dispute or controversy arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, as well as to any dispute or controversy with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks, rest periods or meal breaks, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, any and all state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended

to be a substitute for the utilization of such procedures. This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov). The Company will not retaliate against you for filing such a charge. Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, or National Labor Relations Board. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in state or federal court. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights under Section 7 of the National Labor Relations Act.

   **2.**      **Mediation.** In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute. If such request is made, the other party shall respond in writing by no later than seven (7) business days thereafter, stating whether such other party is willing to participate in such mediation, and such mediation shall occur within thirty (30) days following such notification. If the parties are unable to agree on a mediator, then the matter shall be submitted to the mediation program conducted by the American Arbitration Association in the state where you are employed, and a mediator shall be selected pursuant to the rules applicable to such program. The Company shall pay the costs of any such proceeding.

   In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the Company. The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties. **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

3.      **Class and Collective Action Waiver. This Agreement affects your ability to participate in class or collective actions.**  Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis only, and that neither you nor the Company will seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or any other action in which the Company or you propose to act in a representative capacity on behalf of others.   Both you and the Company further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.  Accordingly, there will be no right or authority for you to bring any dispute covered by this Agreement as class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver").  You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum.  However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, and seek dismissal of such class and collective actions or claims.  The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

4.      **Your Right to Opt Out of Class Action Waiver.  You may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.**  In order to opt out, you must notify the Company within fourteen (14) days of your receipt of this Agreement of your intention to opt out by submitting a signed and dated statement to the Company's at hr@insomniacookies.com stating your intention to opt out.  If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.

If you do not opt out within fourteen  (14) days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company, regardless of whether or not you sign this Agreement.  You have the right to consult with counsel of your choice concerning this Agreement.

5.      **Enforcement of this Agreement.**  This Agreement replaces all prior agreements regarding the resolution of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by

this Agreement.  In the event that any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**AGREED:  Insomnia Cookies**

**AGREED AND RECEIVED:**

**EMPLOYEE NAME PRINTED:** _Ben Sehnert_

**EMPLOYEE SIGNATURE:** _Ben Sehnert_

**DATE:** _5/19/2017_



## MEDIATION AND CLASS ACTION WAIVER AGREEMENT

1.     **Introduction and Scope.**  In consideration of your employment or continued employment with Insomnia Cookies (the "Company"), you agree to enter into this Agreement providing for optional mediation of disputes arising out of your employment with the Company, and for the waiver of your right to participate in class or collective actions.   This Agreement is intended to apply to any dispute or controversy arising out of or related to your employment with the Company or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual, and survives after the employment relationship terminates.  Except as it otherwise provides, this Agreement applies, without limitation, to any dispute or controversy arising out of, relating to, or concerning the validity, enforceability or breach of this Agreement, as well as to any dispute or controversy with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks, rest periods or meal breaks, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, any and all state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended

to be a substitute for the utilization of such procedures.  This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov).  The Company will not retaliate against you for filing such a charge.  Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, or National Labor Relations Board.   Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement.  This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement.  Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in state or federal court.  The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights under Section 7 of the National Labor Relations Act.

     **2.**     **Mediation.**  In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute. If such request is made, the other party shall respond in writing by no later than seven (7) business days thereafter, stating whether such other party is willing to participate in such mediation, and such mediation shall occur within thirty (30) days following such notification.  If the parties are unable to agree on a mediator, then the matter shall be submitted to the mediation program conducted by the American Arbitration Association in the state where you are employed, and a mediator shall be selected pursuant to the rules applicable to such program.  The Company shall pay the costs of any such proceeding.

     In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the Company.  The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties.  **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

3.      **Class and Collective Action Waiver. This Agreement affects your ability to participate in class or collective actions.** Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis only, and that neither you nor the Company will seek to have any controversy, claim or dispute heard as a class action, a representative action, a collective action, a private attorney-general action, or any other action in which the Company or you propose to act in a representative capacity on behalf of others.     Both you and the Company further agree that no proceeding will be joined, consolidated, or combined with another proceeding, without the prior written consent of all parties to any such proceeding.   Accordingly, there will be no right or authority for you to bring any dispute covered by this Agreement as class or collective action, or for you to participate as a member in any such class or collective proceeding ("Class Action Waiver").   You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum.   However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, and seek dismissal of such class and collective actions or claims.  The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

4.      **Your Right to Opt Out of Class Action Waiver.   You may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.** In order to opt out, you must notify the Company within fourteen (14) days of your receipt of this Agreement of your intention to opt out by submitting a signed and dated statement to the Company's at hr@insomniacookies.com stating your intention to opt out.  If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.

If you do not opt out within fourteen  (14) days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company, regardless of whether or not you sign this Agreement.  You have the right to consult with counsel of your choice concerning this Agreement.

5.      **Enforcement of this Agreement.**  This Agreement replaces all prior agreements regarding the resolution of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by

this Agreement.  In the event that any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**AGREED: Insomnia Cookies**

**AGREED AND RECEIVED:**

**EMPLOYEE NAME PRINTED:** Hannah Stanger

**EMPLOYEE SIGNATURE:** _Hannah Stanger_

**DATE:** 3-20-17

# EXHIBIT B

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action for unpaid wages and related relief against my employer(s), including Insomnia Cookies, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____   04/12/17 _____
Signature                          Date


_Avery  Nathan — Samuel  Buggs_____
Print Full Legal Name

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action for unpaid wages and related relief against my employer(s), including Insomnia Cookies, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Dylam Burgett   6/15/1~_

Signature                                Date

_Dylan Chives Burgett_

Print Full Legal Name

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action for unpaid wages and related relief against my employer(s), including Insomnia Cookies, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    3/31/17
Signature                         Date


Christopher Lee Caldwell
Print Full Legal Name

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action for unpaid wages and related relief against my employer(s), including Insomnia Cookies, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____     _____
Signature                           Date


_____
Print Full Legal Name

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action for unpaid wages and related relief against my employer(s), including Insomnia Cookies, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature                             Date

Print Full Legal Name

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action for unpaid wages and related relief against my employer(s), including Insomnia Cookies, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____     3-20-17_____
Signature                                Date


Hannah Colleen Stanger_____
Print Full Legal Name

# EXHIBIT C

**jackson lewis.**

Representing Management Exclusively In Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-8213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

EMAIL ADDRESS: NOEL.TRIPP@JACKSONLEWIS.COM
DIRECT DIAL: (631) 247-4661

*through an affiliation with Jackson Lewis P.C., a Law Corporation

June 22, 2018

**VIA EMAIL**
Jessica L. Lukasiewicz, Esq.
Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

Re:   **Lusk v. Serve U. Brands, Inc., et al.**
      **Civil Action No: 17-06451**

Dear Ms. Lukasiewicz:

While the Court dismissed as insufficient the original complaint in this case on February 12, 2018, the Court has now authorized the first amended putative class and collective action complaint lodged on June 21, 2018 against Serve U. Brands, Inc., Insomnia Cookies, LLC ("Insomnia"), and Seth Berkowitz. The Court has also refused to strike (pending motion practice regarding conditional certification, of course) the consent to join forms filed on behalf of putative opt-in Plaintiffs.

However, 6 of the opt-in plaintiffs for whom consents were filed — Avery Buggs, Christopher Lee Caldwell, Dylan Burgett, Hannah Stranger, Michael Crespo, and Ben Sehnert (collectively the "Opt-in Plaintiffs") — are not appropriate participants in this case because they signed a mediation and class action waiver agreement (the "Agreement"), copies of which are enclosed. In the Agreement, the Opt-In Plaintiffs waived their right to participate in this or any other putative class and collective action arising out of their employment with Insomnia. Instead, the Opt-In Plaintiffs agreed to resolve all employment claims on an individual basis in accordance with the Agreement.

Pursuant to Paragraph 2 of the Agreement, Insomnia hereby invites the Opt-In Plaintiffs to participate in a mediation with Insomnia to resolve their respective individual wage disputes. If one or more of the Opt-In Plaintiffs declines to participate in a mediation, or if the mediation is unsuccessful, pursuant to Paragraph 3 of the Agreement, the Opt-In Plaintiffs must

# jackson‖ewis.

Jessica L. Lukasiewicz, Esq
June 22, 2018
Page 2

pursue their wage-hour claims on an individual basis in court, in the respective jurisdiction in which s/he worked for the company.

The Agreement requires that Opt-In Plaintiffs respond within 7 days (i.e., by June 29, 2018) to advise Insomnia if they will agree to mediate, thus we would expect a response on or before that date (subject to any agreement to extend this deadline). If they decline mediation, we request that each immediately files a stipulation of voluntary dismissal from this case.

Please let us know if you would like to discuss. All rights under the Agreement, FRCP 41(d) and otherwise, are expressly reserved.

Very truly yours,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dt
Encls.

# EXHIBIT D

Representing Management Exclusively in Workplace Law and Related Litigation

**jackson lewis.**

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

EMAIL ADDRESS: NOEL.TRIPP@JACKSONLEWIS.COM
DIRECT DIAL: (631) 247-4661

*through an affiliation with Jackson Lewis P.C., a Law Corporation

July 20, 2018

**VIA EMAIL**

Jessica L. Lukasiewicz, Esq.
Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

Re:   *Lusk v. Serve U. Brands, Inc., et al.*
Civil Action No: 17-06451

Dear Ms. Lukasiewicz:

This correspondence follows up on our letter dated June 22, 2018, and reattached as Exhibit A. In that letter, we advised that certain individuals you represent[1] have filed consents to join the above-referenced putative collective action in contravention of the dispute resolution agreement between them and Insomnia Cookies. Opt-In Plaintiffs have not responded to the invitation to mediate pursuant to their agreements.

Having (apparently) declined Insomnia Cookies' invitation to mediate through their silence, the Opt-In Plaintiffs must pursue any wage-hour claims arising out of their employment with Insomnia Cookies on an individual basis in court, in the respective jurisdiction in which they worked for the company. We again request that these Opt-In Plaintiffs immediately file a stipulation of voluntary dismissal from the *Lusk* case. Defendants reserve all rights to seek all fees and costs associated with Opt-In Plaintiffs' continued breach of the dispute resolution agreement, and categorical failure to respond to Insomnia Cookies' invitation to mediate their claims, including but not limited to the fees and costs associated with motion practice relating to their (apparent) refusal to withdraw their purported Consents to Join *Lusk*.

Very truly yours,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
4830-4152-8172, v. 1

---

[1] Avery Buggs, Christopher Lee Caldwell, Dylan Burgett, Hannah Stranger, Michael Crespo, and Ben Sehnert (collectively, the "Opt-In Plaintiffs").