UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SKYLER LUSK, TIA COUNCIL, VIKTORIA O'BRIEN, AND JUSTIN BYROAD, *on behalf of themselves and all other employees similarly situated,*

*Plaintiffs,*

v.

SERVE U BRANDS, INC., INSOMNIA COOKIES, LLC, AND SETH BERKOWITZ,

*Defendants.*

Civil Action No. 17-6451

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PUTATIVE OPT-IN PLAINTIFFS SUBJECT TO INDIVIDUAL DISPUTE RESOLUTION AGREEMENTS, AND CROSS MOTION TO STAY PROCEEDINGS FOR THE SIX PUTATIVE OPT-IN PLAINTIFFS SUBJECT TO INDIVIDUAL DISPUTE RESOLUTION AGREEMENTS

**THOMAS & SOLOMON LLP**

*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel: J. Nelson Thomas
Michael J. Lingle
Jessica L. Lukasiewicz

**PRELIMINARY STATEMENT**

Defendants ask this Court to do three things based on Mediation and Class Action Waiver Agreements ("Mediation Agreements"): (1) dismiss Opt-In Plaintiffs, Avery Buggs, Christopher Lee Caldwell, Dylan Burgett, Hannah Stanger, Michael Crespo and Ben Sehnert ("Opt-In Plaintiffs"), from the action; (2) make a determination as to whether the class and collective action waiver is enforceable; and (3) require that Opt-In Plaintiffs reimburse defendants for their costs and fees involved in the filing of their claims in this action should they file any new FLSA action as permitted under the Agreement. All three requests should be rejected.

First, dismissal is premature at this juncture, and instead the litigation concerning the Opt-In Plaintiffs should be stayed in order to allow the mediation process to occur and to provide a forum for the approval of any settlement that results from that effort. Indeed, defendants' Mediation Agreement states that in the event of a dispute either party to the agreement may request that the other party engage in a mediation, and plaintiffs are willing to participate in mediation. A stay is appropriate because, in the event a settlement results from the mediation, to effectively release the Fair Labor Standards Act claim, the settlement needs to be approved either by a court or the Department of Labor. Thus, it only makes sense to stay the case as to the Opt-In Plaintiffs because in the event of the settlement, the parties could seek approval of the settlement through this action.

Second, given that the parties have not yet exhausted mediation efforts, it is premature for the Court to make any determinations as to the enforceability of the class and collective action waiver or whether Opt-In Plaintiffs should be required to pay defendants' costs and fees involved in litigating this case, should they later re-file their claims in a court located in a

jurisdiction where they worked for defendants. Indeed, depending on the outcome of the mediation, it may never be necessary for an individual to pursue his or her own case. Further, if the Opt-In Plaintiffs never re-file a case, certainly the issues of whether the class action waiver is enforceable, or whether Opt-In Plaintiffs should be required to pay defendants fees and costs, will never need to be addressed.

Further, even if the Court determines that Opt-In Plaintiffs should be dismissed from the action now, it is still premature to make rulings as to the enforceability of the class action waiver or whether the Opt-In Plaintiffs should be required to pay defendants for their costs and fees. Instead, those issues should be addressed if and when an Opt-In Plaintiff re-files his or her case and by the court where the case is refiled.

Therefore, defendants' motion should be denied in its entirety, and plaintiffs' cross motion for a stay should be granted.[1]

**FACTUAL BACKGROUND**

On July 11, 2017, plaintiffs commenced this action against Insomnia Cookies, LLC, Serve U Brands, Inc., and Seth Berkowitz (collectively "defendants") for defendants' violations of the Fair Labor Standards Act ("FLSA") and applicable state laws arising from defendants' illegal pay policies and practices. *See* Docket No. 1 ("Complaint"). Pursuant to § 216(b) of FLSA, plaintiffs filed consent forms for approximately 88 current and former employees of Insomnia Cookies. *See* 29 U.S.C. § 216(b); *see also* Docket No. 67-2, Exhibit B.

Since the commencement of the action, defendants have identified six of the Opt-In Plaintiffs, Avery Buggs, Christopher Lee Caldwell, Dylan Burgett, Hannah Stanger, Michael

[1] Opt-In Plaintiffs reserve all rights and arguments as to the enforceability of the Mediation Agreements.

Crespo and Ben Sehnert, as individuals who executed defendants' Mediation Agreement. *See* Docket No. 67-2, Exhibit A.

Paragraph 2 of the Mediation Agreement provides:

> In the event of a dispute regarding any of the terms and conditions of this Agreement, or otherwise relating to your employment or any termination of employment with the Company, either party may request that the other party engage in a mediation to resolve such dispute.
>
> * * * *
>
> In the event that the other party declines to participate in a mediation, if no mediation has been requested, or if the mediation has not resulted in resolution of the dispute, then any dispute shall be resolved solely in a state or federal court of competent jurisdiction located in the jurisdiction in which you are employed by the company. The parties hereby acknowledge and agree that venue is proper in such court and that such court has personal jurisdiction over the parties. **Both parties also agree that any such dispute shall be tried by a Judge alone, and each hereby waives and forever renounces the right to a trial before a civil jury.**

Further, paragraph 3 of the Mediation Agreement provides:

> **This Agreement affects your ability to participate in class or collective actions.** Both you and the Company agree that any proceeding to resolve or litigate any dispute covered by this Agreement, whether in court or otherwise, will be conducted on an individual basis.

Docket No. 67-2, Exhibit A.

Pursuant to the Mediation Agreement, defendants have requested that each of the Opt-In Plaintiffs participate in a mediation. *See* Docket No. 67-2. On or about August 13, 2018, defendants filed the motion at issue. *See* Docket No. 67. Since that time, Opt-In Plaintiffs have indicated that they are willing to participate in a mediation, which has not yet occurred. *See* Affirmation of Jessica L. Lukasiewicz, sworn to September 27, 2018 ("Lukasiewicz Aff."), at ¶ 3.

## ARGUMENT

### I. OPT-IN PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED FROM THE ACTION.

#### A. The Litigation Concerning the Opt-In Plaintiffs Should be Stayed to Allow the Mediation Process to be Completed and Approval of Any Settlements to be Obtained.

Defendants' request for dismissal is premature, and the litigation concerning the Opt-In Plaintiffs should be stayed in order to allow the parties to complete the mediation process and obtain approval for any settlements that may be reached.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *McCracken v. Verisma Sys, Inc.,* No. 6:14-cv-06248(MAT), 2018 WL 4233703, at *2 (W.D.N.Y. Sept. 6, 2018) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)); *Edwards v. Rochester Instit. of Tech.,* No. 10-CV-6553-FPG, 2013 WL 5417038, at *1 (W.D.N.Y. Sept. 26, 2013) (internal citation omitted); *HMT, Inc. v. Bell BCI Co.,* No. 06-CV-6193T, 2007 WL 295328, at *2 (W.D.N.Y. Jan. 30, 2007). Further, "[i]t is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *McCracken,* 2018 WL 4233703, at *2 (internal citation omitted).

Further, in deciding a motion to stay, courts generally consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and the burden on the defendants; (3) the interest of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *HMT, Inc.,* 2007 WL 295328, at *2; *see also McCracken,* 2018 WL 4233703, at *2; *Edwards,* 2013 WL 5417038, at *1 (internal citations

omitted). Further, "[i]n balancing these factors . . . the central focus is to avoid prejudice." *HMT, Inc.,* 2007 WL 295328, at *2.

Here, consideration of these factors weighs in favor of granting Opt-In Plaintiffs' request for a stay pending completion of the mediation process and in order to allow the parties to obtain approval of any settlement that may be reached. First, Opt-In Plaintiffs' interests are not prejudiced by the delay. A stay is in the interests of Opt-In Plaintiffs and allows the parties to complete mediation, and if necessary, have any settlement approved in an appropriate forum. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015) ("Requiring judicial or DOL approval of such settlements is consistent with both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose . . . "). Further, pursuant to defendants' Mediation Agreement, if Opt-In Plaintiffs were dismissed now and then the parties reached a settlement, they would be required to obtain court approval by individually re-filing their claims in a court located in the state where they worked for defendants, which would certainly not be efficient and therefore against their interests. Second, any burden on defendants weighs in favor of granting the motion to stay. Indeed, plaintiffs only seek a stay as long as it will take to complete the mediation. Further, in the event a settlement is reached during mediation, in order for a settlement to be effective, it must be approved by a court or the DOL, thus there is no burden on defendants. Third, the interest of the courts also weighs in favor of the stay. Consistent with the policy considerations behind the FLSA, courts have an interest in ensuring that settlements are approved by a district court of the DOL. Further, pursuant to defendants' Mediation Agreement, if Opt-In Plaintiffs were dismissed now and a settlement was reached, they would be required to individually re-file their action in a court located in the state where they worked for defendants, meaning six different courts would be

burdened with approving a settlement involving the *same* claims. Fourth, there is no known prejudice to any non-parties to the action. Fifth, the public certainly has an interest in judicial efficiency as well as protecting employees' rights under the FLSA. Thus, consideration of the factors weighs in favor of granting plaintiffs' request for a stay.

Accordingly, the Court should order a stay concerning the claims of the Opt-In Plaintiffs, and defendants' motion should be denied.

**B. Defendants' Request for a Ruling on the Enforceability of Class and Collective Action Waivers and the Requirement that Opt-In Plaintiffs Pay Defendants' Costs and Fees is Premature.**

Next, despite failing to exhaust mediation efforts, defendants suggest that this Court should make a determination as to the enforceability of the Mediation Agreement's class and collective action waiver and their request for costs and fees in the event the Opt-In Plaintiffs re-file. Defendants' request is premature at this stage of the litigation.

It is well-settled that "[b]ecause ripeness is a constitutional prerequisite to the exercise of jurisdiction, the court is obliged to consider the ripeness question before reaching the merits of the dispute." *Acquest Wehre LLC v. U.S.,* No. 06-CV-654-JTC(SR), 2009 WL 899436, at *4 (W.D.N.Y. Mar. 20, 2009) (citing *Vandor, Inc. v. Militello,* 301 F.3d 37, 38-39 (2d Cir. 2002)). Indeed, "[t]he ripeness requirement prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review." *Dougherty v. Town of North Hempstead,* 282 F.3d 83, 90 (2d Cir. 2002); *see also Peck v. Aponte,* 880 F.Supp. 184, 185 (S.D.N.Y. 1995) (citing *Thomas v. Union Carbide Agr. Prod. Co.,* 473 U.S. 568 (1985) ("The courts are not to adjudicate 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'")).

Here, as discussed above, defendants' Mediation Agreement provides that a person must pursue their claims individually *only if* mediation efforts are requested by one party but denied by the other party, or if such efforts are unsuccessful. Given that Opt-In Plaintiffs have agreed to participate in a mediation, and the mediation has not yet taken place, it is premature to make any further determinations. For instance, depending on the outcome of the mediation, there may never be a need for an Opt-in Plaintiff to continue to pursue their claims in any jurisdiction. Further, if an individual is not pursuing their claims, then there would never be a need for any court to decide whether the class action waiver is enforceable. Similarly, there would be no need for a court to determine whether the Opt-In Plaintiffs are responsible for paying defendants' costs and fees which are prompted only by the re-filing of a case.[2]

Further, even if the Court determines that Opt-In Plaintiffs should be dismissed from the action now, it is still premature to make rulings as to the enforceability of the class action waiver, or the requirement of Opt-In Plaintiffs to pay defendants for their costs and fees.

Instead, consistent with defendants' Mediation Agreement, those issues should be decided if and when an Opt-In Plaintiff re-files his or her case, which according to defendants should be in a state where they worked for defendants, and the answers may very well vary depending on the jurisdiction where the case is filed. For instance, in the Sixth Circuit (where Plaintiff Avery Buggs worked), the court held that a class action waiver is unenforceable when

---

2 While consideration of defendants' request for attorneys' fees is premature, defendants concede that Fed. R. Civ. P. 41(d) does not explicitly provide for the recovery of attorneys' fees as part of the award. Indeed, defendants' reliance on *Horowitz v. 148 South Emerson Assoc. LLC,* does not support such a request here. 888 F.3d 13, 25 (2d Cir. 2018). The Court in *Horowitz* held that a district court may award attorney's fees under Rule 41 *if* it would "serve as a deterrent to forum shopping and vexatious litigation." *Id.* at 25 (internal citation omitted). Here, there is no evidence of forum shopping or vexatious litigation and defendants have offered none. Therefore, there is no basis to award fees in any event.

there is no arbitration agreement. *Killion v. KeHE Distrib., LLC,* 761 F.3d 574, 592 (6th Cir. 2014). In its reasoning, the court in *Killion* noted that without an arbitration agreement, there is "no countervailing federal policy that outweighs the policy articulated in the FLSA." *Id.* A contrary ruling which requires a person to "litigate on an individual basis would likely discourage the employee from bringing a claim for [unpaid] wages." *Id.*

Therefore, defendants' request to have this Court make determinations as to the enforceability of the class and collective active waiver and for Opt-In Plaintiffs to pay for defendants' costs and fees in the event they re-file their claims is premature, and defendants' motion should be denied.

**CONCLUSION**

For all the foregoing reasons, plaintiffs respectfully ask that the Court deny the defendants' motion to dismiss in its entirety, and grant plaintiffs' cross-motion to stay the action as it relates to the Opt-In Plaintiffs.

Dated: September 27, 2018.

**THOMAS & SOLOMON LLP**

By: /s/ Jessica L. Lukasiewicz__________

J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Jessica L. Lukasiewicz, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com