UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SKYLER LUSK, TIA COUNCIL, VIKTORIA
O'BRIEN, and JUSTIN BYROAD, *on
behalf of themselves and all other
employees similarly situated*,    **No. 6:17-cv-06451-MAT**
                                  **DECISION AND ORDER**
             Plaintiffs,

        -vs-

SERVE U BRANDS, INC., INSOMNIA
COOKIES, LLC, and SETH BERKOWITZ,

             Defendants.

---

**INTRODUCTION**

Skyler Lusk, Tia Council, Viktoria O'Brien, and Justin Byroad (collectively, "Named Plaintiffs"), former delivery drivers for Insomnia Cookies, LLC ("Insomnia"), commenced the instant action against Serve U Brands, Inc., Insomnia, and Seth Berkowitz (collectively, "Defendants") on July 11, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("the FLSA"), as well as violations of the state laws of New York, Michigan, and Indiana. Docket No. 1. On August 13, 2018, Defendant filed a Motion to Dismiss the Claims of Putative Opt-In Plaintiffs Subject to Individual Dispute Resolution Agreements ("Defendants' Motion to Dismiss"). *See* Docket No. 67. In response, Named Plaintiffs filed a Cross-Motion to Stay Proceedings for the Six Putative Opt-In Plaintiffs Subject to Individual Dispute Resolution Agreements ("Plaintiffs' Cross-Motion to Stay"). *See* Docket No. 79.

-1-

For the reasons set forth below, the Motion to Dismiss is converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56.

## BACKGROUND

Pursuant to 29 U.S.C. § 216(b), the Named Plaintiffs filed consent forms for approximately 88 current and former Insomnia employees. Since the commencement of the action, Defendants have identified six of the Opt-In Plaintiffs, i.e., Avery Buggs, Christopher Lee Caldwell, Dylan Burgett, Hannah Stanger, Michael Crespo and Ben Sehnert, as individuals who executed Mediation Agreements which, Defendants assert, contain a provision precluding them from joining a class action to litigate any employment claims. Defendants state that the Mediation Agreement also contains a class and collective action waiver which, Defendants argue, precludes the individuals who signed Mediation Agreements from participating in this action. The individuals who signed the Mediation Agreement, whom the parties refer to as "DRA Opt-In Plaintiffs," filed Consents to Join this lawsuit against Defendants; the Consents were filed with the Court on July 11, 2017. *See* Docket Nos. 3 & 4.

Citing the Mediation Agreement's class and collective waiver, Defendants argue in their Motion to Dismiss, *inter alia*, that (1) an employee's right to litigate on a collective basis is a waivable procedural right, and the DRA Opt-In Plaintiffs waived that right in the Mediation Agreement to resolve employment disputes with

Insomnia; (2) contractual collective action waivers, like those in the Mediation Agreement, are enforceable; (3) the claims asserted by the DRA Opt-In Plaintiffs here fall within the scope of the Mediation Agreement and must be resolved pursuant to the terms of the Mediation Agreement; and (4) the Court should address the Mediation Agreement's enforceability prior to a decision on conditional class certification is rendered. Defendants further argue that because the Opt-in Plaintiffs ignored Defendants' multiple communications regarding the Agreement, necessitating the Motion to Dismiss, they should be responsible for Defendants' fees and costs associated with making this motion pursuant to Federal Rule of Civil Procedure ("FRCP") 41.

For the reasons discussed below, Defendants' Motion to Dismiss must be converted to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## DISCUSSION

### I. Standard for Deciding Rule 12(c) Motions

In deciding a Rule 12(c) motion for judgment on the pleadings, courts "'employ[ ] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (*per curiam*) (alterations in original; internal quotation marks omitted in original). Thus, accepts all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citation and quotation marks omitted). To survive a Rule 12(c) motion, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## II. The Rule 12(b)(6) Conversion Requirement

For purposes of deciding motions under Rule 12(b)(6), and by extension, Rule 12(c), "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *see also* FED. R. CIV. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). When determining whether materials "were integral to [a plaintiff]'s complaint, a necessary prerequisite for that exception is that the 'plaintiff[ ] *rel[y]* on the terms and effect of [the] document in drafting the complaint . . . ; mere notice or possession is not enough.'" *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (quoting Chambers, 282 F.3d at 153; first alteration added; emphasis and ellipsis in original).

As the Second Circuit has emphasized,

> [u]pholding [Rule 12(b)(6)'s] standard of review is the requirement that "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

*Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 154-55 (2d Cir. 2006) (quoting Fed. R. Civ. P. 12(b); citing *Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000) ("This conversion requirement is strictly enforced whenever there is a 'legitimate possibility' that the district court relied on material outside the complaint in ruling on the motion.") (quotation omitted). "As indicated by the word 'shall,' the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory.'" *Glob. Network Commc'ns, Inc.*, 458 F.3d at 154-55 (quoting *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999); alteration in original; other citation omitted).

**III. Conversion Is Required in This Case**

Defendants' motion relies heavily on the Mediation Agreements signed by the DRA Opt-In Plaintiffs. Defendants have assumed that the Mediation Agreements are properly considered in connection with this Rule 12(c) motion to dismiss. However, the Mediation Agreements were not attached to Plaintiffs' Complaint as exhibits; nor were they incorporated into the Complaint by reference. Indeed, Defendants, in their recitation of the events leading up to their

motion to dismiss, state that *they* provided copies of the Mediation Agreements to opposing counsel under cover of letter dated June 22, 2018.

The Mediation Agreements were presented to the Court as exhibits in support of their Motion to Dismiss. However, the Second Circuit has held that "a district court errs when it 'consider[s] affidavits and exhibits submitted by' defendants. . . ." *Friedl*, 210 F.3d at 83–84 (2d Cir. 2000) (quoting *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991) (collecting cases)). Under these circumstances, the Court concludes that Defendants' motion for judgment on the pleadings is requesting it to consider matters outside the pleadings, which it is not permitted to do. *See*, *e.g.*, *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 203 (2d Cir. 2013) ("Because the [collective bargaining agreements] at issue here were submitted with Defendants' motions to dismiss, and not excluded from consideration, the District Court could have decided these issues pursuant to the summary judgment standard of Rule 56, but it did not. We cannot affirm the dismissal on the basis of LMRA preemption pursuant to Rule 12(b)(6) because such dismissal was premised on matter outside of the pleadings, and was, therefore, inappropriate.") (citing *Global Network Commc'ns, Inc.*, 458 F.3d at 155).

**IV. Additional Briefing Is Required on the Choice of Law Issue**

The Mediation Agreements do not appear to contain a choice-of-

law provision. "In the absence of a choice of law provision, New York law allows courts to infer that the parties have agreed to apply the law of the forum state." *Tripifoods, Inc. v. Mkt.*, No. 15-CV-00556-FPG-LGF, 2016 WL 7117257, at *3 (W.D.N.Y. Dec. 7, 2016) (citing *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000)). Such an inference is permissible when the parties themselves assume in their submissions to the Court that the law of the forum state controls. *Krumme*, 238 F.3d at 138 (citation omitted). Here, however, Defendants appear to rely on the Federal Arbitration Act, and they also cite state law cases from a multitude of jurisdictions. Plaintiffs, for their part, insist that determining enforceability of the Mediation Agreements is premature. Thus, the parties have not provided the Court with any basis for inferring that the law of the forum state (New York) controls. *See Tripifoods*, 2016 WL 7117257, at *3 (where parties have not cited or referred to any state law in their submissions, there is no indication that the parties have implicitly consented to the application of New York law, requiring the district court to conduct a choice of law analysis). The parties therefore will be directed to provide briefing on what law applies to the interpretation of the Mediation Agreements here at issue.

## CONCLUSION

For the foregoing reasons, the Court hereby converts Defendants' Motion to Dismiss (Docket No. 67) to a Rule 56 motion

for summary judgment. Defendants are hereby ordered to submit a memorandum of law by Monday, February 11, 2019, addressing the choice-of-law issue and any other issues they believe are pertinent to establishing their entitlement to summary judgment under Rule 56. Once Defendants submit their filing, the Court will set a briefing schedule.

**SO ORDERED.**

                                           **s/ Michael A. Telesca**

                                      HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    January 14, 2019
            Rochester, New York.